### In re GRAND JURY PROCEEDINGS, MISCELLANEOUS NO. 1331.

No. 81–1059.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1983.

Thompson & Knight, Timothy R. McCormick, Locke, Purnell, Boren, Laney & Neely, Harriet E. Miers, Dallas, Tex., Cantey, Hanger, Gooch, Munn & Collins, Robert S. Travis, Frank D. McCown, Fort Worth, Tex., Wilson W. Herndon, Jerry L. Beane, Dallas, Tex., Kelly, Appleman, Hart & Hallman, Dee J. Kelly, Fort Worth, Tex., Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., Reese L. Harrison, Jr., San Antonio, Tex., Rod Phelan and Michael P. Carnes, Dallas, Tex., for appellants.

Linda Aaker, Katherine Cook Bond, Asst. Attys. Gen., Austin, Tex., John J. Powers, III, Asst. Chief, Appellate Sec., Antitrust Div., Dept. of Justice, Mark C. Del Bianco, Washington, D.C., for appellees.

Stephen P. Juech, Thomas M. Genovese, Tyrone C. Fahner, Asst. Attys. Gen., Antitrust Div., Chicago, Ill., for amici curiae.

Before COLEMAN, POLITZ and GARWOOD, Circuit Judges.

PER CURIAM:

This case was orally argued in New Orleans on December 9, 1981.

Thereafter, on May 4, 1982, we directed that decision in the case be held in abeyance pending decision by the Supreme Court in *In Re: State of Illinois Petition to Inspect and Copy Grand Jury Materials,* on which *certiorari* had been granted, 455 U.S. 1015, 102 S.Ct. 1708, 72 L.Ed.2d 132.

On March 29, 1983, the Supreme Court decided the case, *Illinois, Petitioner v. Abbott and Associates, Inc.,* —— U.S. ——, 103 S.Ct. 1356, 75 L.Ed.2d 281.

We thereupon directed the parties in the instant appeal to file within thirty (30) days "such further written representations and arguments concerning the effect of *Abbott* as they might be advised as serving the best interest of their clients". Some of the parties appellant did file such a memorandum but the Attorney General of Texas made no response.

The history of this appeal is that on October 17, 1980, the State of Texas filed a motion in District Court to be allowed to inspect and copy materials, testimony and documents, accumulated by a grand jury which had been convened by the Department of Justice to investigate possible violation of antitrust laws by members of the prestressed concrete industry in the State of Texas. There was no showing of a particularized need, the Attorney General contending that under Section 4F(b) of the Clayton Act in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure no such showing was required.

On January 22, 1981, the District Court granted the State's motion to inspect and copy the grand jury materials, subject to extensive protective limitations. Thereafter, the District Court granted motions to stay the January 22 order pending appeal to this Court.

In compliance with the teachings of *Illinois v. Abbott, supra,* which need not be restated here, the judgment of the District Court granting permission to inspect and copy the grand jury materials without a showing of particularized need is REVERSED.

The case is remanded to the District Court, with directions to dismiss the motion.

REVERSED, with directions to dismiss.